UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

NICHOLAS OUDEKERK,

                                        Plaintiff,

                                                            5:23-cv-00288
                                                            (BKS/TWD)
v.

GLENS FALLS PD OFFICER DOE #1, et al.,

                                        Defendants.

_____

APPEARANCES:                                   OF COUNSEL:

NICHOLAS OUDEKERK
15509
Warren County Correctional Facility
1400 State Route 9
Lake George, NY 12845
Plaintiff pro se

MURPHY BURNS LLP                               THOMAS K. MURPHY, ESQ.
407 Albany Shaker Road
Loundonville, NY 12211
Counsel for Defendant
City of Glens Falls Chief of Police, Jarred M. Smith


**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

<u>**DECISION AND ORDER**</u>

## I.    INTRODUCTION

        Plaintiff Nicholas Oudekerk commenced this action by filing a *pro se* complaint asserting

claims pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*

("IFP").  (Dkt. Nos. 1, 2.)  Generally, Plaintiff complained of wrongdoings in connection with an

arrest and subsequent prosecution.  On May 5, 2023, this Court granted Plaintiff's motion to

proceed IFP and following review of the complaint pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, issued a Report-Recommendation.  (Dkt. No. 10.)  Therein, among other things, the Court recommended that only Plaintiff's Fourth Amendment false arrest/false imprisonment and malicious prosecution claims against Glens Falls Police Officers Doe 1 and Doe 2, in their individual capacities, survived initial review and required a response.  *Id*.  Plaintiff was advised that the U.S. Marshals cannot effect service on a "Doe" defendant and directed Plaintiff to take reasonable steps to ascertain through discovery the identity of the "Doe" defendants.  *Id*.  Upon learning the identity of an unnamed defendant, Plaintiff was instructed to amend the operative complaint to properly name that person as a party.  *Id*.  To assist Plaintiff, it was recommended that City of Glens Falls Chief of Police Jarred M. Smith be added as a defendant for purposes of service and discovery only.

On May 26, 2023, the Hon. Brenda K. Sannes, Chief United States District Judge, adopted the Report-Recommendation and the complaint was accepted for filing to the extent Plaintiff's Fourth Amendment false arrest/false imprisonment and malicious prosecution claims against Glens Falls Police Officers Doe 1 and Doe 2, in their individual capacities, survive initial review and require a response.  (Dkt. No. 11.)  Service of the complaint on defendant Smith was directed.  *Id*.  On August 4, 2023, defendant Smith answered the complaint.  (Dkt. No. 17.)  On October 23, 2023, after mail was returned to the Court and Plaintiff filed a proper change of address as required, the Court issued a Mandatory Pretrial Discovery and Scheduling Order.  (Dkt. No. 32.)  The docket reflects defendant Smith served mandatory discovery documents on December 18, 2023.  (Dkt. No. 36.)

On January 30, 2024, after the deadline for amended pleadings expired on January 5, 2024, Plaintiff filed a proposed amended complaint.  (Dkt. No. 41.)  In view of Plaintiff's *se*

*status*, the Court will review the proposed amended complaint pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.  (Dkt. No. 43.)

## II.    SUFFICIENCY OF THE AMENDED COMPLAINT

### A.    Standard of Review

Because Plaintiff is proceeding IFP and is an inmate suing government employees, his proposed amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.  The Court shall dismiss a complaint in a civil action if the Court determines it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2).

A claim is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . or (2) the claim is based on an indisputably meritless legal theory.").

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  This short and plain statement of the claim must be "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The statement of the claim must do more than present "an unadorned,

the-defendant-harmed-me accusation." *Id*.  It must "give the defendant fair notice of what the

claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *see also* Fed. R. Civ.

P. 8(a)(2).

In determining whether a complaint states a claim upon which relief may be granted, "the

court must accept the material facts alleged in the complaint as true and construe all reasonable

inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se*

litigants.  *See Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990).

## B.   Analysis

As with the original complaint, the amended complaint alleges wrongdoing by two Glens

Falls Police Officers in connection with Plaintiff's arrest on February 18, 2020.  (*See generally*

Dkt. No. 41.)  The factual allegations against the police officers asserted in the amended

complaint are substantially the same as those in the original complaint.  (*Compare* Dkt. No. 42-2

with Dkt. No. 1; *see also* Dkt. No. 41-5.)  The amended complaint identifies defendant Glens

Falls Police Officer Doe 1 as Mr. Foo and defendant Glens Falls Police Officer Doe 2 as

Desmond Lyons.  (Dkt. No. 41-5.)  In addition to compensatory damages, Plaintiff also seeks

punitive damages.  *Id*.  Plaintiff also submits exhibits in support of the amended complaint.

(Dkt. No. 41-3.)

In light of the District Court's May 26, 2023, Order, and mindful of the requirement to

liberally construe *pro se* pleadings, *see, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185,

191 (2d Cir. 2008), Plaintiff's Fourth Amendment false arrest/false imprisonment and malicious prosecution claims against defendants Foo and Lyons, in their individual capacities, survive initial review and require a response.  (Dkt. Nos. 11, 41.)  In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

## III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's amended complaint (Dkt. No. 41) be **ACCEPTED** for filing and will supersede and replace the original complaint as the operative pleading; and it is further

**ORDERED** that only Plaintiff's Fourth Amendment false arrest/false imprisonment and malicious prosecution claims against defendants Foo and Lyons, in their individual capacities, **SURVIVE** initial review and require a response; and it is further

**ORDERED** that the Clerk shall **TERMINATE** from the docket the City of Glens Falls Chief of Police, Jarred M. Smith, who was added as a defendant for purposes of service and discovery only; and it is further

**ORDERED** that the Clerk shall issue summonses, along with copies of the amended complaint, to the United States Marshal Service for service upon defendants Foo and Lyons; and it is further

**ORDERED** that a response to the amended complaint shall be filed by defendants Foo and Lyons or their counsel as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St.,

Syracuse, New York 13261-7367.  Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with rule 7.1 of the Local Rules of Practice for the Northern District of New York in filing motions. Motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address**; his failure to do so may result in the dismissal of this action; and it is further

      **ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff.

      **IT IS SO ORDERED.**

Dated: March 21, 2024
      Syracuse, New York

      Therese Wiley Dancks
      United States Magistrate Judge